# CIVIL COVER SHEET

JS 44 (/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dwight Brown, 5704 Leonard Street, Philadelphia, PA

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
L. Kenneth Chotiner, The Chotiner Firm, 1818 Market Street, Suite 3620, Philadelphia, PA 19103, 215.564.6544

## DEFENDANTS
The City of Philadelphia, SEPTA, and, Police Officer's John Doe 1-5

County of Residence of First Listed Defendant: **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983, 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments

Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 11/06/2009
SIGNATURE OF ATTORNEY OF RECORD
NOV 0 6 2009

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

APPENDIX I



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Dwight Brown :  CIVIL ACTION
v. :
The City of Philadelphia, et al : 09    5157

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

11/6/09          L. Kenneth Chotner          Plaintiff
**Date**          **Attorney-at-law**          **Attorney for**

215 564 6544    215 231 7401    lkc@thechotnerfirm.com
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate category.

Address of Plaintiff: 5704 Leonard Street, Philadelphia, PA

Address of Defendant: 1515 Arch Street, Philadelphia, PA

Place of Accident, Incident or Transaction: Philadelphia Pennsylvania

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

**09  5157**

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐    No☒

CIVIL: (Place _ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, L. Kenneth Chotiner, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/6/09    _____    Attorney I.D.# 77451
            Attorney-at-Law

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/6/09    _____    NOV 0 2 2009
            Attorney-at-Law                Attorney I.D.# 77451

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWIGHT BROWN<br><br>　　　　　　　　　　　Plaintiff<br><br>Vs.<br><br>THE CITY OF PHILADELPHIA, SEPTA, AND POLICE OFFICERS JOHN DOE NUMBERS 1 THROUGH FIVE, BADGE NUMBERS UNKOWN<br><br>　　　　　　　　　　　Defendants | CIVIL ACTION<br><br>No.: 09-CV- 5157<br><br>JURY TRIAL DEMANDED<br><br>**FILED**<br>NOV 0 6 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

　　　　　　　　　　　COMPLAINT

I.　JURISDICTION

　　1.　This a civil action seeking money damages against the City of Philadelphia, the Southeastern Pennsylvania Transit Authority ("SEPTA"), and Police Officers John Doe, Numbers One through Five, for committing acts under color of law, which deprived plaintiff or rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to plaintiff. Plaintiff alleges that defendant Police Officers used excessive force, in violation of His Constitutional rights. Plaintiff further alleges that the City of Philadelphia and SEPTA failed to instruct, supervise, control and/or discipline defendant Police Officers on a continuing basis, and said failure was as the result of official policy or the custom, practice and usage of the City of Philadelphia and/or SEPTA, and the policy-makers of the City of Philadelphia and/or SEPTA were deliberately indifferent to the rights of individuals who would be under the jurisdiction of the City of Philadelphia and/or SEPTA and that said conduct caused the deprivation of plaintiff's rights secured under the United States Constitution, and the laws of the Commonwealth of Pennsylvania.

　　2.　This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

**II.     PARTIES**

3.     Plaintiff, Dwight Brown, is a resident and citizen of the Commonwealth of Pennsylvania, 5704 Leonard Street, Philadelphia, Pennsylvania.

4.     Defendant, City of Philadelphia, is a City of the First Class in the Commonwealth of Pennsylvania and a municipal corporation duly existing and organized under the laws of Pennsylvania with offices for service at 1515 Arch Street, Philadelphia, PA 19102. At all times relevant hereto, Defendant, City of Philadelphia, operated under the color of state law in creating and maintaining a Police Department and was the employer of one or more of the Police Officer Defendants in this action.

5.     Defendant, SEPTA, is a Commonwealth Agency of Pennsylvania and owns, operates, manages, directs and controls the SEPTA Police Department, which employs one or more of the Police Officer Defendants in this action.

6.     Defendants, John Doe, Number One through Five, are factitious names of individuals heretofore unascertained that were at all times relevant to this Complaint an Officer of the Police Department of Defendant, City of Philadelphia, and/or Defendant, SEPTA, and were acting in such capacity as the agent, servant, and or employee of the City of Philadelphia and/or SEPTA, by and through the respective Police Departments, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. They are being sued in both their individual and official capacities.

7.     At all times material and relevant to this complaint, Defendant, City of Philadelphia, did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

8.     At all times material and relevant to this complaint, Defendant, SEPTA, did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

9.     At all times referred to herein, Defendants, John Doe Number One through Five acted under color of the laws, statutes ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the City of Philadelphia and the Police Department of the

City of Philadelphia and/or SEPTA, and pursuant to their authority as police officers of the City of Philadelphia and/or SEPTA and their police departments.

III.   FACTS

10.   On or about December 8, 2007, in the early morning, plaintiff was a passenger on a motor vehicle, in the vicinity of 2nd and Chestnut Streets, in the City and County of Philadelphia.

11.   At all times relevant hereto, plaintiff was the passenger of the aforesaid motor vehicle.

12.   At approximately 2:00 a.m., a SEPTA police officer stopped the aforesaid motor vehicle because it cut off the SEPTA officer's patrol car.

13.   After the SEPTA officer got out of his car to approach the aforesaid motor vehicle, it left the scene and began fishtailing on the street.

14.   As the vehicle was driving away, the SEPTA Police Officer and a Philadelphia Police Officer who came to assist discharged their weapons into the vehicle occupied by the Plaintiff.

15.   Two of the twenty rounds fired by the Police Officers hit plaintiff. One of the rounds hit plaintiff and fractured his arm. The other lodged in his back.

16.   Police questioned plaintiff about this incident and concluded that he was a rear-seat passenger who did not have control of the vehicle.

17.   Plaintiff was not charged with any crimes as a result of this incident.

18.   Defendants acted unlawfully, negligently, intentionally, recklessly and/or maliciously by shooting at the fleeing vehicle.

19.   As a direct and proximate result of the negligent, intentional, unlawful, reckless and malicious acts described above, committed by defendant Police Officers under color of law under their authority as a police officers of the City of Philadelphia and/or SEPTA, and while acting in the course and scope of their employment and pursuant to authority vested in them by Defendant, City of Philadelphia, and or Defendant, SEPTA, caused plaintiff to sustain serious and

permanent injuries to his body, including but limited, to injuries to his arm and back, and to suffer serious mental anguish, all of which continue indefinitely into the future.

## FIRST CAUSE OF ACTION
### EXCESSIVE USE OF FORCE BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

20. The allegations set forth in paragraphs one through nineteen inclusive, are incorporated herein as if fully set forth.

21. At the time and date aforementioned, Defendants used unnecessary and excessive force on plaintiff by shooting at the fleeing vehicle in which the plaintiff was a passenger. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

22. At no time did plaintiff offer or commit any violence against defendants.

23. As a direct and proximate result of the aforesaid unlawful and malicious physical abuse of plaintiff by defendants, committed under color of law and under each individual defendant's authority as a police officer of the City of Philadelphia and/or SEPTA, plaintiff suffered harm and was deprived of his right to secure his person against unreasonable seizure of his person, and the excessive use of force violated his Fourth and Fourteenth Amendment Constitutional rights.

24. As a direct and proximate result of the malicious and outrageous conduct of Defendants, plaintiff suffered physical injuries, as well as psychological and emotional injuries, some or all of which may be permanent.

25. The acts of Defendants as aforesaid were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against the defendants in their individual capacities.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## SECOND CAUSE OF ACTION
### STATE LAW CLAIM FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

26. The allegations set forth in paragraphs one through twenty-six inclusive, are incorporated herein as if fully set forth.

27. Defendants assaulted and battered plaintiff as aforesaid.

28. As a direct and proximate result of this assault and batter, plaintiff suffered damages as aforementioned throughout this complaint.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## FOURTH CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST THE CITY OF PHILADELPHIA AND SEPTA
## FOR THEIR FAILURE TO INVESTIGATE, TRAIN, SUPERVISE, AND/OR DISCIPLINE

29. The allegations set forth in paragraphs one through twenty-eight inclusive, are incorporated herein as if fully set forth.

30. Prior to December 8, 2007, the City of Philadelphia, including but not limited to the City of Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the constitution rights of persons in Philadelphia, which caused the violations of plaintiff's civil rights.

31. Prior to December 8, 2007, SEPTA, including but not limited to the SEPTA Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the constitution rights of persons in Philadelphia, which caused the violations of plaintiff's civil rights.

32. It was the policy and/or custom of the City of Philadelphia and/or SEPTA, by and through their respective Police Departments to inadequately and improperly investigate acts of misconduct by its officers, including defendant officer(s), such that these acts of misconduct were tolerated and known by the City of Philadelphia and/or SEPTA, including the incident involving plaintiff in this matter.

33. It was the policy and/or custom of the City of Philadelphia and/or SEPTA, by and through their respective Police Departments to inadequately supervise and train its police officers, including the defendant officer(s), thereby failing to adequately discourage further constitutional violations on the part of it police officers. The City of Philadelphia, by and through

it Police Department, did not require appropriate in-service training or re-training of officer(s) who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and unlawful behavior and further police misconduct.

34. As a result of the above described policies and customs, police officers of the City of Philadelphia and its Police Department, including the defendant officer(s), believed that his/their actions would not be properly monitored by supervisor officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

35. The above described policies and customs, police officers of the City of Philadelphia, by and through its Police Department, demonstrated an indifference on the part of policymakers of the City of Philadelphia and its Police Department to the constitutional right of person within the City of Philadelphia, and were the cause of the violations of plaintiff's rights alleged herein.

36. The acts and failures to act of Defendant, City of Philadelphia, by and through its Police Department, committed under color of law. As herein above set forth, deprived plaintiff of his rights, privileges and immunities guaranteed to him as a citizen of the United States, in violation of 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988, and deprived the plaintiff of rights guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Pennsylvania Constitution.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANTS

37. The allegations set forth in paragraphs one through thirty-six inclusive, are incorporated herein as if fully set forth.

38. The unlawful actions of defendants were intentional and/or reckless, constituting extreme and outrageous conduct which caused plaintiff to suffer severe and foreseeable emotional and physical injuries to his person.

39. Plaintiff re-alleges the damages as previously set forth.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

### SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANTS

40. The allegations set forth in paragraphs one through thirty-nine inclusive, are incorporated herein as if fully set forth.

41. On June 17, 2007, defendants, prosecuted, arrested, initiated, and charged plaintiff with several crimes in regard to the above mentioned incident.

42. Defendants falsely, maliciously, and with no probable cause arrested, charged, prosecuted, and initiated criminal proceedings against plaintiff in regard to the above mentioned incident.

43. Defendants intentional, malicious, willful, wanton, reckless, careless, and negligent acts, conduct and/or omissions, were without probable cause and were brought and continued for an improper purpose.

44. Defendants provided knowingly false and incomplete information in having plaintiff criminally charged and arrested on June 17, 2007, and intentionally and maliciously instituted, promoted, and participated in the confinement and prosecution of plaintiff. In so charging and alleging plaintiff of criminal action/behavior, defendants acted maliciously with the intent to injure the plaintiff, and is responsible for punitive as well as compensatory damages.

45. Moreover, defendants' ulterior motives were in exercising the illegal, perverted or improper use of process by continued promotion and participation in the prosecution of plaintiff as to the charges brought against him on June 17, 2007.

46. In so willfully, illegally, improperly and or perverting the use of process to accomplish a result outside its lawful scope against plaintiff, defendants caused plaintiff to suffer injuries to his person, property, and/or reputation as a result of their misuse of process.

47. As a direct and proximate result of this malicious prosecution and abuse of process, plaintiff suffered damages as aforesaid.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances

## JURY DEMAND

48. Plaintiff demands a jury trial as to each Defendant and as to each count.

WHEREFORE, plaintiff respectfully requests this Honorable Court grant the relief herein requested.

THE CHOTINER FIRM

Dated: November 3, 2009

LKC3963
L. KENNETH CHOTINER, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.564.6544