IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWIGHT BROWN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 09-5157 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**Jones II, J.**                                                                                                  **May 7, 2010**

### MEMORANDUM

This matter arises out of an incident which occurred on December 8, 2007, during which police officers attempting to stop an automobile in which Plaintiff was a passenger allegedly fired their weapons at the vehicle, injuring Plaintiff. Plaintiff brings claims for excessive use of police force and for failure to investigate, train, supervise and/or discipline, both in violation of 42 U.S.C. § 1983, as well as state law claims for assault and battery and intentional inflection of emotional distress[1]. A Motion to Amend the Complaint was filed on April 1, 2010. Presently

---

[1] Confusingly, Plaintiff's Complaint styles these claims as follows:
- "First Cause of Action: Excessive Use of Force by Defendants Cognizable Under 42 U.S.C. § 1983;"
- "Second Cause of Action: State Law Claim for Assault and Battery Against All Defendants;"
- "Fourth Cause of Action: 42 U.S.C. § 1983 Against the City of Philadelphia And SEPTA For Their Failure to Investigate, Train, Supervise, And/Or Discipline;"
- "Sixth Cause of Action: Intentional Infliction of Emotional Distress Against Individual Defendants;" and
- "Seventh Cause of Action: Intentional Infliction of Emotional Distress Against Individual Defendants."

Given that Plaintiff thus omits a third or fifth cause of action, the Court understands the Complaint only to contain five Counts, not seven. *See* Compl.¶¶ 20-47.

1

before the Court is the Motion to Amend (Dkt. No. 8) ("Motion"), Defendant SEPTA's Opposition thereto (Dkt. No. 10) ("SEPTA Opp."), and Defendant City of Philadelphia's Opposition thereto ("City Opp.") (Dkt. No. 11). Having carefully considered the arguments advanced by counsel, the Court will deny the Motion for the reasons set forth below.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On or about December 8, 2007, around 2:00 a.m., Plaintiff was a rear-seat passenger of a motor vehicle exiting a parking lot near 2nd and Chestnut Streets in Philadelphia. At that time, a SEPTA police officer initiated a traffic stop and ordered the driver to turn off the engine and exit the car. The driver ignored the SEPTA police officer's directive and began driving away. As he did so, the SEPTA police officer and a City police officer, who had arrived to assist, opened fire into the fleeing vehicle. Two rounds of ammunition hit Plaintiff, causing various injuries requiring hospitalization.

Plaintiff filed suit on November 6, 2009. At the time he filed suit, Plaintiff named five "John Doe" defendants–because he did not know the identity of the individual police officers who shot him–in both their individual and official capacities. SEPTA filed its Answer to Plaintiff's Complaint on January 6, 2010, and the City filed its Answer on January 19, 2010.

By Order dated January 20, 2010, pursuant to Federal Rule of Civil Procedure 16, this Court scheduled a teleconference to be held on March 4, 2010 (Dkt. No. 4). The Court further ordered the parties to exchange the required initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before February 3, 2010. *See* Dkt. No. 4. SEPTA served its initial disclosures via first-class mail on February 3, 2010. *See* Ex. B to the Motion. SEPTA's disclosures informed Plaintiff for the first time as to the identity of the police officers in question,

specifically, SEPTA police officer Samuel Washington and City police officer David Blackburn. The disclosure did not provide an address or telephone number for Officer Washington, but stated that Officer Washington could be contacted through SEPTA's counsel. *See id.*

The Rule 16 teleconference was subsequently rescheduled for March 24, 2010. The City served its initial disclosures via first-class mail on March 12, 2010. *See* Ex. C to Motion. The disclosures did not provide an address or telephone number for Officer Blackburn. *See id.*

Plaintiff served his initial disclosures via electric mail on March 18, 2010. *See* Ex. D to Motion. In that same correspondence to SEPTA and the City's counsel, Plaintiff stated that Defendants' disclosures suggested that:

> we can name two of the 'John Doe' defendants. SEPTA Police Officer Samuel Washington, badge number 365 and Philadelphia Police Officer David Blackburn badge number 1267. Please advise if you have any objections to naming them as defendants. Additionally, I have enclosed Plaintiff's Interrogatories and Request for Production of Documents addressed to the City of Philadelphia, SEPTA, and Officers Washington and Blackburn.

Ex. D to Motion.

In a March 23, 2010 email, counsel for SEPTA confirmed his conversation of the day before with Plaintiff's counsel, wherein he informed Plaintiff's counsel of his objection to Plaintiff's proposed amendment of the Complaint so as to name Officers Washington and Blackburn:

> I also informed you that my client will not permit me to accept service of the discovery directed to Officer Washington since he is not a party to this action. And, I do not represent Officer Washington. I also informed you that SEPTA will not allow me to stipulate to amend the Complaint to add Officer Washington or the involved Philadelphia Police Officer as a defendant. I informed you that I served my Rule 26 Disclosures to you in early February and the names of the officers were included in the documents I supplied. I informed you that it was SEPTA's position that you had 120 days from November 6, 20[09] to add Officer Washington as a defendant; and the relation back doctrine may not

3

> work because the statute of limitations expired. I checked Rule 15(c)(3) and re-checked the *Singletary* case (Third Circuit) that I mentioned in our phone conversation. SEPTA's legal position is sound.

Ex. E to Motion. In a telephone conversation on March 23, 2010, the City's attorney objected to amendment as well. *See* Motion at 2.

On March 24, 2010, the Court held its scheduled teleconference pursuant to Rule 16. At that time, Plaintiff's counsel brought the proposed amendment to the Court's attention. The Court instructed Plaintiff's counsel to file this Motion. On April 1, 2010, Plaintiff moved to amend his Complaint to add allegations concerning SEPTA Officer Washington and City Officer Blackburn.[2] Plaintiff's proposed Amended Complaint includes five counts. The first count asserts claims under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments against individual officers;[3] the second count asserts claims under state law for assault and battery against all Defendants; the third count asserts a failure to investigate, train, supervise and/or discipline against the City and SEPTA, in violation of 42 U.S.C. § 1983;[4] and the fourth and fifth counts allege intentional infliction of emotional distress under state law.

## III. DISCUSSION

### A. Legal Standard

Under Rule 15(a), "a party may amend its pleading only with the opposing party's written

---

[2]The Court notes that the proposed Amended Complaint does not include an amended caption. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

[3]It is unclear if the first count of the proposed Amended Complaint also asserts these claims against SEPTA and the City.

[4]Colloquially speaking, Plaintiff asserts federal *Monell* claims in this count. *See Monell v. New York City, Dept. of Soc. Svcs.*, 436 U.S. 658, 694 (1978).

4

consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Freedom Int'l Trucks, Inc., of N.J. v. Eagle Enters., Inc.*, 182 F.R.D. 172, 174 (E.D. Pa. 1998). While a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it may deny leave to file an amended complaint in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment ...." *Foman v. Davis*, 371 U.S. 171, 182 (1962); *see also Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); *see also Freedom Int'l*, 182 F.R.D. at 175 ("The party seeking leave to amend bears the burden of explaining the reasons for the delay.").

When a party "seeks leave to file an amended complaint adding a new claim or naming a new party after the statute of limitations has expired, the requested leave may only be granted if that party demonstrates that the new claims or parties relate back to the filing date of the original complaint." *Estate of Grier ex rel. Grier v. Univ. of Pa. Health Sys.*, No. 07-4224, 2009 WL 1652168, at *2 (E.D. Pa. 2009). Under Rule 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

   (A)   the law that provides the applicable statute of limitations allows relation back;

   (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or

   (C)   the amendment changes the party or the naming of the party against whom a claim

>  is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Grier*, 2009 WL 1652168, at *2-3 (citing Fed. R. Civ. P. 15(c)(1)).

To add or substitute a new party, such as replacing a "John Doe" defendant with a named defendant, the moving party must:

> establish that the amended pleading relates to the same conduct or transaction or occurrence set forth in the original complaint; that within the 120-day time period prescribed by Rule 4(m), the proposed new defendant had notice of the action; and that the proposed new defendant knew or should have known that but for a mistake of identity, he or she would have been named in the initial complaint.

*Id.* at *3 (citing Fed. R. Civ. P. 4(m) (establishing 120-day time period for service of complaint); *Stewart v. Phila. Housing Auth.*, 487 F. Supp. 2d 584, 589 (E.D. Pa. 2007) (stating Rule 15 standard for addition of new party); *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 36-38 (E.D. Pa. 1996) (same)).

### B. Futility of Amendment

Plaintiff's Motion chronicles at length his good faith, reasons for delay in seeking to amend his Complaint to name Officers Washington and Blackburn, and why the delay will not prejudice Defendants. *See* Motion at 4-7. But even assuming Plaintiff can satisfy these *Foman* factors, the Court remains unconvinced that any amendment would not be futile in light of the

6

relevant limitations period.[5]

Plaintiff seeks to amend his Complaint so as to add state law and Section 1983 claims against Officers Washington and Blackburn, alleging that they subjected Plaintiff to excessive force in violation of his constitutional rights. Claims of constitutional violations are governed by the state statute of limitations for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985), *superseded by statute on other grounds*, as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004). In Pennsylvania, a plaintiff must bring a cause of action within two years of the injury giving rise to his claims. *See* 42 Pa. C.S.A. § 5524. As Plaintiff's alleged injuries in this case were sustained on December 8, 2007, any state law or constitutional claims arising from those injuries were required to be brought against a defendant on or before December 8, 2009.

Here Plaintiff did not seek to amend his Complaint so as to bring his claims against Officers Washington and Blackburn until April 1, 2010, 114 days after the Pennsylvania statute of limitations had expired and 146 days after he filed his original Complaint. Despite his arguments to the contrary, Plaintiff cannot relate back to allegations set forth in his original Complaint because Officers Washington and Blackburn did not receive notice of the charges to be brought against them–actual, constructive or imputed–within 120 days of Plaintiff's filing of

---

[5]The Court is conscious that "the amount of prejudice a defendant suffers under [Rule] 15(c)(3) is a direct effect of the type of notice he receives." *Singletary v. Dep't of Corr.*, 266 F.3d 186, 194 n.3 (3d Cir. 2001). However, because the Court finds that the proposed individual defendants did not receive notice as required, Plaintiff's Motion must be denied as futile and thus the Court need not reach the question of whether Plaintiff's request to amend his Complaint is in fact in good faith, not unduly delayed, or prejudicial to Defendants.

his original Complaint.[6]

The Third Circuit examined Rule 15(c)(1)C) thoroughly in *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186 (3d Cir. 2001). In that case, the plaintiff brought a civil rights lawsuit, naming both the Department of Corrections and "Unknown Corrections Officers." *Id.* at 191. After both the statute of limitations and the 120-day period prescribed by Rule 4(m) for service of complaint had expired, the plaintiff attempted to amend his complaint to identify the "unknown" correction officers. The district court did not permit the amendment, finding that the corrections officer did not receive notice within 120 days of filing the lawsuit.

Affirming on appeal, the Third Circuit recognized two methods of imputing notice to the individual defendant at issue: (1) the "shared attorney" method (whereby the individual, previously unnamed defendant received timely notice because he shared his attorney with an originally named defendant); and (2) the "identity of interest" method (whereby the individual defendant received timely notice because he had an identity of interest with an originally named defendant). *See id.* at 196.

*Singletary* was expressly applied in *Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003), in a case quite similar to the one now in front of this Court. In *Garvin*, the plaintiff filed suit against the City and an unknown "John Doe" police officer. The City identified eight officers who may have had knowledge of the incident, and produced police paperwork regarding the incident including the arrest report. As here, however, the Plaintiff waited until after the statute of limitations and the 120-day period had elapsed before moving to amend her complaint to name

---

[6]To satisfy Rule 15(c), Plaintiff would have had to provide notice to Officers Washington and Blackburn by March 6, 2010 (120 days from filing of Complaint).

8

an individual police officer. The Third Circuit did hold that a proposed defendant may receive constructive or imputed noticed through the shared attorney method or the identity of interest method. With regard to the shared attorney method, however, an allegation that counsel "must have" interviewed the party to be named is insufficient; rather, there must be representation by the shared counsel within the 120-day period. *Id.* at 223. In other words, the test "is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." *Id.* (citation omitted).

Plaintiff contends that notice may be imputed to Officer Washington because he "is represented by SEPTA's attorney." Motion at 9. However, SEPTA's Answer, filed January 6, 2010, states that "SEPTA does not . . . defend unknown and unnamed persons." *See* Affirmative Defense No. 5 (Dkt. No. 2). Plaintiff's Complaint makes clear, in its caption and body, that certain of the "John Does" named in the caption were SEPTA police officers, and that one of the those officers allegedly fired shots which injured Plaintiff. As of the date SEPTA filed its Answer–two full months before Plaintiff's deadline to notice Officers Washington and Blackburn under Rule 15(c)–Plaintiff was aware that SEPTA's counsel was not representing any of the "John Doe" police officers described in the Complaint. The "John Doe" Defendants did not share representation with SEPTA as of January 6, 2010 and do not share such representation now. SEPTA Opp. at 7 and Ex. A. Similarly, the City did not enter its appearance on behalf of Officer Blackburn. City Opp. at 8. Thus, Plaintiff could not rely on a "shared attorney" to impute notice to Officer Washington or Officer Blackburn.

Plaintiff also argues that notice may be imputed to both Officers Washington and Blackburn based on an "identity of interest" with SEPTA and the City, respectively. Motion at

9

9-10.  In support of this position, Plaintiff maintains that "[n]aming a government official in his official capacity is the equivalent of naming the government entity itself as the defendant,"[7] and as such, Officer Washington "had sufficient identity of interest with SEPTA" and Officer Blackburn "has sufficient identity of interest with the City to impute notice."  *Id.* at 10 (citing *Monell*, 436 U.S. 658 (1978)).

The "identity of interest" method may be invoked where "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  *Singletary*, 266 F.3d at 197 (citing 6A Charles A. Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1499, at 146 (2d ed. 1990)).  However, the Third Circuit has made clear that a staff-level employee with no supervisory duties is not considered sufficiently related to his or her employer such that notice to the employer would be deemed notice to the staff-level employee.  *Id.* at 199.  *Singletary* and *Garvin* instruct us that notice cannot be imputed to a rank-and-file police officer such as Officer Washington or Officer Blackburn simply because the SEPTA or the City has received notice.  *Id.* at 200;[8] *Garvin*, 354

---

[7]Plaintiff named the five "John Doe" Defendants in both their individual and official capacities.  *See* Compl.

[8]In *Singletary*, the Third Circuit found that a staff-level employee with no administrative or supervisory duties at the prison shared no identity of interest with the defendant prison such as to impute notice to the employee.  *Id.* at 199.  The appeals court distinguished the case from those in the First and Fifth Circuits where (1) a prison guard's "continued close contact with the plaintiff led the court to conclude that the guard likely had notice of the instigation of the lawsuit;" and (2) the "same City Attorney would likely have interviewed the newly named defendants soon after the lawsuit was filed, thus giving these defendants sufficient notice of the lawsuit within the relevant 120 day period had expired."  *Id.* (citing *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8 (1st Cir. 1990); *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998)).  In this case, there is no allegation that Officer Washington or Blackburn has had any further contact with Plaintiff since December 8, 2007, nor has ever spoken with counsel for SEPTA or the City about the events at issue in this case.  *See* SEPTA Opp. at 7 and Ex. A; City Opp. at 8.

F.3d at 227; *see also Keitt v. Doe*, No. 93-2968, 1994 WL 385333, at *5 (E.D. Pa. July 22, 1994) (answering in the negative "[t]he question...whether, in a § 1983 action, notice may be imputed to individual officers alleged to have violated the plaintiff's rights where the officers' employer was named in the original complaint and where the officers were designated as 'John Doe' defendants.") (citing *Perri v. Daggy*, 776 F. Supp. 1345, 1346 (N.D. Ill. 1991) (notice not imputed to police officer designated as defendant "John Doe" merely because officer's employer, the city, had actual notice of action)). Plaintiff provides no factual basis nor caselaw to the contrary.[9]

Plaintiff had knowledge of Officers Washington and Blackburn's involvement in the incident at issue since at least February 3, 2010, when SEPTA disclosed the officers' identities in SEPTA's initial disclosures. Plaintiff thus had more than a month before the 120-day period ran on March 6, 2010 to provide notice of this action to those officers. Plaintiff could have noticed a deposition at or mailed a copy of the Complaint to Officer Washington at SEPTA Police Central Headquarters, and to Officer Blackburn at the City's offices, at any time between February 3, 2010 and March 6, 2010. *See* SEPTA Opp. at 7-8; Compl. ¶¶ 4-5. Instead, Plaintiff has offered nothing to suggest that he has shouldered his "burden of establishing the relation back of the proposed amended complaint." *Grier*, 2009 WL 1652168 at *4 (citing *Katzenmoyer*, 158 F.Supp.2d at 497; *Freedom Int'l*, 182 F.R.D. at 175). Absent a showing that Officers Washington and Blackburn had actual, constructive, or imputed notice of this action, the notice requirement of Rule 15(c) (1)(C)(i) has not been met and Plaintiff's proposed amended complaint cannot

---

[9]In support of his "identity of interest" argument, Plaintiff cites only *Monell v. Department of Social Services of City of New York*–a case which has nothing to do with the relation back of amendments under Rule 15(c).

relate back to the date of the original Complaint. Plaintiff has not made this showing. Accordingly, Plaintiff cannot overcome the proposed new Defendants' statute of limitations defense, and its request to amend the Complaint to include as Defendants Officers Washington and Blackburn must be denied.[10]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend his Complaint will be denied. An appropriate Order follows.

---

[10]In opposition to Plaintiff's Motion, SEPTA also argues that Plaintiff fails on futility grounds because (1) his proposed amended complaint fails to set forth any cognizable cause of action as to Officer Washington; and (2) even if a theory of liability could be set forth, Officer Washington would be entitled to qualified immunity. *See* SEPTA Opp. at 9-15. As the Court denies Plaintiff's Motion on futility grounds related to Defendants' statute of limitations defense, it need not reach SEPTA's alternative arguments at this time.