IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWIGHT BROWN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 09-5157 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**Jones II, J.**                                                                                                             **June 14, 2010**

## **MEMORANDUM**

This matter arises out of an incident which occurred on December 8, 2007, during which police officers attempting to stop an automobile in which Plaintiff was a passenger allegedly fired their weapons at the vehicle, injuring Plaintiff. Plaintiff now seeks the Court's reconsideration of its denial of his Motion to Amend the Complaint (Dkt. No. 8) ("Motion to Amend"). Plaintiff's Motion for Reconsideration or, in the Alternative, Motion for Certification Pursuant to 28 U.S.C. § 1292(B) (Dkt. No. 15) ("Motion for Reconsideration") will be denied.

**I.  FACTS AND PROCEDURAL POSTURE**

On or about December 8, 2007, around 2:00 a.m., Plaintiff was a rear-seat passenger of a motor vehicle exiting a parking lot near 2nd and Chestnut Streets in Philadelphia. At that time, a SEPTA police officer initiated a traffic stop and ordered the driver to turn off the engine and exit the car. The driver ignored the SEPTA police officer's directive and began driving away. As he did so, the SEPTA police officer and a Philadelphia police officer, who had arrived to assist, opened fire into the fleeing vehicle. Two rounds of ammunition hit Plaintiff, causing various

1

injuries requiring hospitalization.

Plaintiff filed suit on November 6, 2009, bringing claims for excessive use of police force and for failure to investigate, train, supervise and/or discipline, both in violation of 42 U.S.C. § 1983, as well as state law claims for assault and battery and intentional inflection of emotional distress. At the time he filed suit, in addition to SEPTA and the City of Philadelphia (the "City"), Plaintiff named five "John Doe" defendants–because he did not know the identity of the individual police officers who shot him–in both their individual and official capacities. SEPTA filed its Answer to Plaintiff's Complaint on January 6, 2010 (Dkt. No. 2), and the City filed its Answer on January 19, 2010 (Dkt. No. 3). SEPTA's Answer stated that "SEPTA does not . . . defend unknown and unnamed persons." *See* SEPTA Answer at Affirmative Defense No. 5.

By Order dated January 20, 2010, the Court ordered the parties to exchange the required initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before February 3, 2010. *See* Dkt. No. 4. SEPTA served its initial disclosures via first-class mail on February 3, 2010. *See* Ex. B to Motion to Amend. SEPTA's disclosures informed Plaintiff for the first time as to the identity of the police officers in question, specifically, SEPTA police officer Samuel Washington and City police officer David Blackburn. The disclosure did not provide an address or telephone number for Officer Washington, but stated that Officer Washington could be contacted through SEPTA's counsel. *See id.*

The City served its initial disclosures via first-class mail on March 12, 2010. *See* Ex. C to Motion to Amend. The disclosures did not provide an address or telephone number for Officer Blackburn. *See id.*

Plaintiff served his initial disclosures via electronic mail on March 18, 2010. *See* Ex. D

2

to Motion to Amend. In that same correspondence to SEPTA and the City's counsel, Plaintiff stated that Defendants' disclosures suggested that:

> we can name two of the 'John Doe' defendants. SEPTA Police Officer Samuel Washington, badge number 365 and Philadelphia Police Officer David Blackburn badge number 1267. Please advise if you have any objections to naming them as defendants. Additionally, I have enclosed Plaintiff's Interrogatories and Request for Production of Documents addressed to the City of Philadelphia, SEPTA, and Officers Washington and Blackburn.

Ex. D to Motion to Amend.

In a March 23, 2010 email, counsel for SEPTA confirmed his conversation of the day before with Plaintiff's counsel, wherein he informed Plaintiff's counsel of his objection to Plaintiff's proposed amendment of the Complaint so as to name Officers Washington and Blackburn:

> I also informed you that my client will not permit me to accept service of the discovery directed to Officer Washington since he is not a party to this action. And, I do not represent Officer Washington. I also informed you that SEPTA will not allow me to stipulate to amend the Complaint to add Officer Washington or the involved Philadelphia Police Officer as a defendant. I informed you that I served my Rule 26 Disclosures to you in early February and the names of the officers were included in the documents I supplied. I informed you that it was SEPTA's position that you had 120 days from November 6, 20[09] to add Officer Washington as a defendant; and the relation back doctrine may not work because the statute of limitations expired. I checked Rule 15(c)(3) and re-checked the *Singletary* case (Third Circuit) that I mentioned in our phone conversation. SEPTA's legal position is sound.

Ex. E to Motion to Amend. In a telephone conversation on March 23, 2010, the City's attorney objected to amendment as well. *See* Motion to Amend at 2. Plaintiff filed his Motion to Amend the Complaint on April 1, 2010.[1]

On May 7, 2010, the Court issued an Order denying Plaintiff's Motion to Amend (Dkt.

---

[1] The proposed Amended Complaint did not include an amended caption. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

3

No. 14) and accompanying Memorandum of Law (Dkt. No. 13) ("Op."). On May 21, 2010, Plaintiff filed his Motion for Reconsideration; the City and SEPTA filed their opposition briefs on June 3, 2010 (Dkt. No. 16) and June 4, 2010 (Dkt. No. 17), respectively.

## II. LEGAL STANDARD

"The purpose for a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)).[2] "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided] the motion [...]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citations omitted).

In light of the Court's interest in the finality of its judgments, such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Calhoun*, 2009 WL 1321500 at *1 (citing *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005)). Nor may a movant "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Calhoun*, 2009 WL 1321500 at *1 (citing *Kennedy Indus. v. Aparo*, No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. Jul. 6, 2006)).

---

[2]Plaintiff moves for reconsideration of the Court's denial of his Motion to Amend under Local Rule 7.1(g)–a motion which is "analogous to [one] brought under Federal Rule of Civil Procedure 59((e)." *Calhoun v. Mann*, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citing *Harsco Corp.*, 229 F.2d at 909).

## III. DISCUSSION

### A. Motion for Reconsideration

In his Motion for Reconsideration, Plaintiff argues that the Court "need[s] to correct [the] clear error of law or fact" incurred when the Court allegedly failed to consider the following facts before denying Plaintiff's Motion to Amend: 1) SEPTA's direction in its initial disclosures to contact Officer Washington through SEPTA's counsel; 2) SEPTA's counsel's "routine practice [of] list[ing] his contact information to assist in the facilitation of discovery;" (3) SEPTA's counsel's "refusal to assist with discovery when Plaintiff asked him to do so;" (4) SEPTA's "mandate that the Plaintiff contact its employees through its attorneys;" and (5) the City's "failure to comply with its Rule 26 obligations let alone its failure to provide the initial disclosures beyond the Court Ordered deadline and the 120 day [service] period." Pl. Mem. at 2.

However, this Court's decision acknowledged that SEPTA's disclosures "stated that Officer Washington could be contacted through SEPTA's counsel," addressing the concerns raised in the first four errors the Plaintiff claims the Court has committed. Op. at 3. The Court also noted SEPTA's clear representation that it "does not . . . not defend unknown and unnamed persons. Op. at 9 (citing SEPTA Answer). Finally, the Court pointed out appropriate alternative notice methods Plaintiff could have undertaken with regards to Officers Washington and Blackburn. Op. at 11. None of these four points reveals a "clear error of law or fact," and Plaintiff offers no legal precedent to the contrary.[3]

---

[3] In support of his argument on this point, Plaintiff cites several cases standing for the proposition that a plaintiff may amend a complaint to add a party after the statute of limitations had run because the defendant was equitably estopped from asserting a statute of limitations defense. *See* Pl. Mem. at 2-3 (citing *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000); *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989); *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)).

With regard to the Court's purported fifth error, while the Court did note the dates on which Defendants' initial disclosures were provided (Op. at 2-3),[4] indeed it did not analyze the impact of any supposed discovery violations under Federal Rule of Civil Procedure 26. This is because Plaintiff failed to present this argument in his Motion to Amend, despite it being fully available to him at that time. In his Motion for Reconsideration, Plaintiff argues for the first time that Defendants failed to disclose the addresses and telephone numbers for Officers Washington and Blackburn. Pl. Mem. at 4. At the time he filed his Motion to Amend, however, Plaintiff was well aware that Defendants had not provided home addresses for its officers. His failure to raise the issue at that time renders it beyond the scope of this reconsideration motion. *See Peter v. Lincoln Tech. Inst., Inc.*, 255 F. Supp. 2d 417, 446 (E.D. Pa. 2002) (denying motion for reconsideration where movant did not raise available argument in initial motion and no newly discovered evidence had become available); *Federico v. Charterers Mut. Assur. Ass'n Ltd.*, 158 F. Supp. 2d 565, 577-78 (E.D. Pa. 2001) (same).[5]

Even had Plaintiff argued Defendants' putative discovery violations in his Motion to

---

However, those cases did not involve a circumstance such as that noted above by the Court, where SEPTA clearly indicated that it did not represent unknown or unnamed defendants–hardly a deceptive strategy.

[4]The Court also noted Plaintiff's untimely initial disclosures. *See* Op. at 3.

[5]Plaintiff relies heavily on *Chalick v. Cooper Hosp./Univ. Med. Ctr.*, 192 F.R.D. 145 (D.N.J. 2000), in support of his contention that he should be allowed to amend his Complaint to add individual defendants beyond the statute of limitations because the named defendants failed to satisfy Rule 26's requirements with their initial disclosures. However, in *Chalick* the movant expressly relied upon a failure to provide Rule 26 initial disclosures in his initial motion to amend the complaint–the exact step Plaintiff here failed to take. *See also In re Enron Corp.*, 356 B.R. 343, 363 (Bkrptcy. S.D.N.Y. 2006) (distinguishing *Chalick* and holding that a failure to raise an alleged violation of Rule 26(a) in a timely fashion defeats a reconsideration motion premised on the alleged violation).

Amend, such an argument would have failed for lack of merit. In withholding the officers' home addresses from their initial disclosures, Defendants followed an established practice, rooted in state law but recognized by federal courts, that such information is not normally discoverable. *See Johnson v. City of Phila.*, No. 94-1429, 1994 WL 612785, at *10 (E.D. Pa. Nov. 7, 1994) (home addresses of police officers should be redacted from records ordered to be produced during discovery); *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) (officer's home address presumed protected by official information privilege because officer's interests in privacy and safety outweighed plaintiff's interest in said information).[6] In addition, Plaintiff did not raise these alleged discovery violations in a timely fashion, thus undermining his current Motion for Reconsideration. *See In re Enron Corp.*, 356 B.R. at 363 (failure to raise alleged violation of Rule 26(a) in timely fashion defeated reconsideration motion premised on alleged

---

[6]*See also Melendez v. Greiner*, No. 01-7888, 2003 WL 22434101, at *7 n.2 (S.D.N.Y. 2003) (rejecting claim of privilege as to employment records but allowing for redaction of home addresses); *Martinez v. Robinson*, No. 99-11911, 2002 WL 424680, at *5 (S.D.N.Y. 2002) (granting discovery request for officers' information except for home addresses); *Nat'l Congress for Puerto Rican Rights ex rel Perez v. City of New York*, 194 F.R.D. 88, 97 (S.D.N.Y. 2000) (addresses of officers not yet named as parties should be withheld from initial discovery); *McPhaul v. New York City Housing Auth.*, No. 93-423, 1995 WL 408371, at *1 (S.D.N.Y. 1995) (ordering disclosure of officers' personnel files but ruling that "[n]otwithstanding the complete failure of defendants' counsel to make any showing of harm, the [defendants] will be permitted to delete from the file the home addresses, telephone numbers and social security numbers of the two officers"); *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) (ordering disclosure of personnel records because defendants failed to meet threshold showing of privilege but stating that officers' home addresses could be redacted); *Ismail v. Cohen*, No. 85-0121, 1986 WL 2186, at *4 (S.D.N.Y. Feb. 10, 1986) (home addresses of police officers, most of whom were non-parties, protected from disclosure); *Cessante v. City of Pontiac*, No. 07-15250, 2009 WL 973339, at *13 (E.D. Mich. April 9, 2009) (ordering that discovery concerning police officer witnesses should not include home addresses); *Huthnance v. Dist. of Columbia*, 255 F.R.D. 285, 293 (D.D.C. 2008) (home addresses of police officer parties need not be disclosed).

7

violation).⁷

## B. Alternative Motion for Certification Pursuant to 28 U.S.C. § 1292(B)

Should the Court deny Plaintiff's Motion for Reconsideration, Plaintiff alternatively requests that the Court certify the question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In order for the Court to grant such a request, it must find that Plaintiff's Motion to Amend raises "a controlling question of law as to which there is a substantial ground for difference of opinion" and that an immediate appeal from the Court's denial of said Motion "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[C]ertification is only appropriate in 'exceptional' cases." *See Alexander v. Wash. Mut., Inc.*, No. 07-4426, 2008 WL 3285845, at *2 (E.D. Pa. Aug.4, 2008) (citing *Piazza v. Major League Baseball*, 836 F. Supp. 269, 270 (E.D. Pa.1993)). In exercising our discretion to certify an order for an appeal under § 1292(b), we must remain mindful of the strong policy against piecemeal

---

⁷Plaintiff does not argue that an intervening change in the controlling law or the availability of new evidence requires the Court to reconsider its denial of Plaintiff's Motion to Amend. However, even if Plaintiff had raised such an argument, the Court notes for the record that the Supreme Court's recent decision in *Krupski v. Costa Crociere S.p.A.* (issued subsequent to Plaintiff filing his Motion for Reconsideration) does not compel a different outcome than the one reached here by this Court. In *Krupski*, the Supreme Court held that the relation back of an amendment changing or naming a party against whom a claim is asserted depended on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend her pleading. *Krupski*, No. 09-337, 2010 WL 2243705 (June 7, 2010). In *Krupski*, however, no dispute existed as to whether the prospective defendant had received sufficient notice of the action within the time period set forth by Federal Rule of Civil Procedure 4(m). *Id.* at *10 n.5; *cf.* Op. at 9-11. Indeed, in *Krupski* both the originally named and prospective defendants were represented by the same counsel, and the named defendant did not challenge the district court's finding that it had "constructive notice"of the plaintiff's complaint within the Rule 4(m) period. *Krupski*, 2010 WL 2243705 at *5, 11. Additionally, unlike the case at bar, the Supreme Court noted that "[n]othing in Krupski's conduct during the Rule 4(m) period suggests that she failed to name [the prospective defendant] because of anything other than a mistake." *Id.* at *11.

appeals. *See Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 321 (E.D. Pa.1994) (citing *Piazza*, 836 F. Supp. at 270). The Court "must remember that ... [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa.1983).

As discussed above, Plaintiff relies upon no question of law in arguing his Motion for Reconsideration, and indeed no such question arises, controlling or otherwise. Nor would an immediate appeal of the Court's denial of Plaintiff's Motion to Amend materially advance the ultimate termination of this matter. Plaintiff's Section 1983 claims against SEPTA and the City still stand and will move forward. The Court may determine on summary judgment, or a jury may decide at trial, that Defendants shoulder no liability because Plaintiff's constitutional rights were not violated by Defendants' officers. Alternatively, a jury may find at trial that Defendants are indeed liable for such violations, and Plaintiff would then be entitled to a full remedy for his injuries. Should Defendants prevail on the remaining Section 1983 claims, the Court's denial of the Motion to Amend will be rendered moot[8] and thus does not, indeed cannot, affect the ultimate outcome of this case. Plaintiffs' alternative request for an interlocutory appeal will therefore be denied. *See Muhammed v. Weis*, No. 08-3616, 2009 WL 3260592, at *4 (E.D. Pa. Oct. 7, 2009) (denying motion for interlocutory appeal of dismissal and transfer of claims where plaintiff did not demonstrate a "substantial ground for differences of opinion with respect to any issue;" the court found "that an immediate appeal, and any attendant delay of the trial pending the conclusion of such an appeal, would unduly delay the ultimate termination of this litigation").

---

[8]Under such a circumstance, the Court's order denying leave to amend will have had no prejudicial effect; Plaintiff would have lost his suit against the individual officers had they been joined, and such joinder would have been futile.

## IV. CONCLUSION

The Court finds that Plaintiff fails to establish any manifest error of law or any manifest injustice that would result if its Motion for Reconsideration, based upon the Court's denial of Plaintiff's prior Motion to Amend, were denied; consequently, the Court denies the Motion. As such, Plaintiff's Motion for Reconsideration will be denied. Moreover, an interlocutory appeal will only delay resolution of this case; Plaintiff's request for said appeal will similarly be denied. An appropriate Order follows.